```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

KELLIE FERGISON,                  *

    Plaintiff,                    *

vs.                               *

VANDERHALL MOTORWORKS INC.,       *       CASE NO. 4:25-CV-146 (CDL)
HALL LABS, LLC, EXTREME
POWERSPORTS INC., and GENERAL     *
MOTORS LLC,
                                  *
    Defendants.
                                  *

## O R D E R

Plaintiff filed this civil action in the State Court of Muscogee County, then one of the Defendants filed a voluntary Chapter 11 petition in Utah. One of the non-debtor Defendants removed the state court civil action to this Court under the bankruptcy removal statute. The parties now agree on one thing: another court should preside over the case. They do not agree on which court. Plaintiff contends that her claims against the debtor Defendant should be severed from her claims against the non-debtor Defendants and that the claims should all be remanded to the state court. Two of the Defendants argue that the entire action should be transferred to the U.S. District Court for the District of Utah.

For the reasons set forth below, the Court grants Plaintiff's motion to sever (ECF No. 15) to the extent that Plaintiff's claims against the three non-debtor Defendants (Vanderhall Motorworks

Inc., Extreme Powersports Inc. and General Motors LLC) are severed from the claims against Hall Labs LLC. Those claims are remanded to the State Court of Muscogee County. Vanderhall Motorworks Inc.'s motion to transfer (ECF No. 14) is denied. Hall Labs LLC's motion to transfer (ECF No. 13) is granted, and the claims against Hall Labs LLC shall be transferred to the U.S. District Court for the District of Utah, where the related bankruptcy matter is Petition # 25-21038.

BACKGROUND

Plaintiff's husband died following a single-vehicle crash of his Vanderhall Venice vehicle. Plaintiff brought this wrongful death action in the State Court of Muscogee County, Georgia. She alleges that (1) Defendant Vanderhall Motorworks, Inc. designed, manufactured, and marketed the vehicle, then sold it to Plaintiff's husband through a dealership; (2) Defendant Hall Labs LLC, a shareholder of Vanderhall, provided consulting and technical assistance to Vanderhall for the design, manufacture, marketing, and sale of the vehicle; (3) Defendant General Motors LLC sold Vanderhall electronic vehicle modules that were used on the vehicle; and (4) Defendant Extreme Powersports Inc. is the dealership that sold the vehicle to Plaintiff's husband.[1]

---

[1] Plaintiff also alleged that Hall Labs controlled Vanderhall to the extent that the corporate form should be disregarded and Hall Labs should be held liable for any wrongdoing by Vanderhall, though in her briefing she acknowledges that she obtained evidence that Hall Labs and Vanderhall are separate entities and Hall Labs has no control over Vanderhall.

2

Plaintiff asserts that her husband's death was caused by Defendants' defective product design, inadequate warnings, breach of warranties, and negligence.

After Plaintiff filed the state court action, Hall Labs filed a motion to dismiss the claims against it for lack of personal jurisdiction in Georgia. Hall Labs also raised lack of personal jurisdiction as an affirmative defense in its answer. Hall Labs then filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Utah, where it is pending as Petition # 25-21038. Vanderhall removed the action to this Court under the bankruptcy removal statute, 28 U.S.C. § 1452(a). The state court did not decide Hall Labs' motion to dismiss for lack of personal jurisdiction before removal.

## DISCUSSION

Hall Labs and Vanderhall argue that this action should be transferred to the District of Utah because the wrongful death claims against Hall Labs are related to the Hall Labs chapter 11 proceeding, the claims against Vanderhall are also related to the Hall Labs chapter 11 proceeding, and federal law permits such a transfer. Plaintiff, on the other hand, opposes a transfer and argues that the Court should sever the claims against the non-debtor Defendants and remand them to the state court. She also contends that the Court must abstain from hearing her claims against Hall Labs and remand them to the state court, where they

would still be subject to the automatic bankruptcy stay. In the alternative, Plaintiff asserts that the claims against the non-debtor Defendants should be severed and remanded and that the claims against Hall Labs should remain in this Court, subject to the bankruptcy stay. General Motors LLC and Extreme Powersports did not weigh in on the motion to sever or either motion to transfer.[2]

Federal Rule of Civil Procedure 21 permits the Court to "sever any claim against a party." So, the Court may divide an action containing multiple claims into two discrete, independent actions. Vanderhall argues that severance is only allowed if the parties are misjoined, although the main authority it cited on this point is a non-final report and recommendation from a U.S. Magistrate Judge that recommended *granting* a motion to sever some of the plaintiff's unrelated claims that the plaintiff argued were properly joined. *See* Order & Non-Final R&R, ECF No. 47 in *Daker v. Jones*, 4:24-cv-173 (N.D. Ga. Nov. 21, 2024). The Magistrate Judge in *Daker* did not recommend holding that a Rule 21 motion to sever may only be granted if the parties are misjoined. Moreover, although the Court of Appeals for the Eleventh Circuit has not clearly reached a holding on the issue, many district courts within the circuit have concluded that misjoinder is not required for

---

[2] General Motors LLC did file a motion to dismiss for lack of personal jurisdiction, but the Court need not reach that motion given the remand.

4

Rule 21 severance.  *See, e.g.*, *Simmons v. Wal-Mart Assocs., Inc.*, No. 2:23-CV-15-SCJ-JCF, 2024 WL 4649389, at *1 (N.D. Ga. Jan. 9, 2024), *report and recommendation adopted*, No. 2:23-CV-0015-SCJ, 2024 WL 4649259 (N.D. Ga. Jan. 29, 2024); *Essex Ins. Co. v. Kart Const., Inc.*, No. 8:14-CV-356-T-23TGW, 2015 WL 628782, at *5 (M.D. Fla. Feb. 12, 2015).  And, even the courts which have suggested that Rule 21 severance is normally proper only when claims are misjoined recognize that Rule 21 severance should be permitted even where Rule 20 allows for joinder if severance is justified by "considerations of judicial economy, case management, prejudice to parties, and fundamental fairness."  *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013).

Here, Plaintiff's claims against Hall Labs are subject to the automatic bankruptcy stay.  Severing the claims against Hall Labs will allow Plaintiff's claims against the non-debtor Defendants to proceed without delay while protecting the debtor Defendant's estate, and the Court is not persuaded that severance will substantially prejudice any party.  The Court thus finds that considerations of judicial economy, prejudice to the parties, and fundamental fairness weigh in favor of severing Plaintiff's claims against Hall Labs.

Vanderhall argues that Plaintiff's claims against it are so closely related to the claims against Hall Labs that severance

5

should not be permitted.[3]  Vanderhall asserts that the state law tort claims against it are "related to" the state law tort claims against Hall Labs, which are in turn "related to" the Hall Labs bankruptcy proceeding.  In making this argument, Vanderhall invokes the test for determining whether a civil action has a sufficient nexus to the bankruptcy case to give rise to federal court jurisdiction over that civil action.  That test is "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."  *Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.*), 910 F.2d 784, 788 (11th Cir. 1990).  Although a "proceeding need not necessarily be against the debtor or against the debtor's property" to be "related to bankruptcy," it can only be "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)" and "in any way impacts upon the handling and administration of the bankrupt estate."  *Id.*

Vanderhall did not clearly explain how the outcome of the claims against it (or the other non-debtor Defendants) could conceivably have any effect on the Hall Labs bankruptcy estate.  Plaintiff brought separate claims against each Defendant based on

---

[3] Vanderhall does *not* contend that this is an unusual case where the automatic bankruptcy stay should apply to a non-debtor due to a close identity between the debtor and non-debtor such that a judgment against the non-debtor would be, in effect, a judgment against the debtor.

6

that Defendant's alleged actions.  Her claims are asserted under Georgia law, which provides for apportionment of damages based on a liable defendant's percentage of fault and does not give rise to a right of contribution against an alleged joint tortfeasor.  *See generally* O.C.G.A. § 51-12-33.[4]  Under these circumstances, the Court is not persuaded that the claims against Hall Labs are so intertwined with the claims against the non-debtor Defendants that severance would be inappropriate.  Vanderhall notes that Plaintiff alleges that it and Hall Labs worked together on the vehicle's design, but it is not evident how that alleged conduct, standing alone, would affect the bankruptcy estate given that liability and fault must be separately determined for each Defendant.[5]  For all these reasons, the Court grants Plaintiff's motion to sever her claims against Hall Labs from her claims against Vanderhall, General Motors, and Extreme Powersports.  Those claims shall proceed as a separate, independent action.

The Court also finds that the claims against Vanderhall, General Motors, and Extreme Powersports should be remanded to the state court.  The only asserted basis for this Court to exercise jurisdiction over the claims against those three Defendants was

---

[4] Even if Alabama law applied to Plaintiff's wrongful death claims, Vanderhall did not explain how a recovery against it would affect the Hall Labs bankruptcy estate.

[5] Plaintiff appears to concede that her "piercing the corporate veil" theory against Hall Labs is dubious.  Even if that claim is still in the case, Vanderhall did not establish how the claim would be affected by the outcome of Plaintiff's claims against Vanderhall.

7

"related to" bankruptcy jurisdiction. For the reasons explained above, the Court is not persuaded that it may exercise "related to" bankruptcy jurisdiction over the claims against the non-debtor Defendants. Accordingly, Plaintiff's action against Vanderhall, General Motors, and Extreme Powersports is remanded to the State Court of Muscogee County.[6]

Turning to the claims against Hall Labs, those claims are indisputably "related to" the bankruptcy proceeding. Hall Labs contends that the claims should be transferred to the U.S. District Court for the District of Utah under 28 U.S.C. § 157(b)(5). That statute requires that a "district court *shall order* that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy case is pending*." 28 U.S.C. § 157(b)(5) (emphasis added). So, the District of Utah is supposed to decide where Plaintiff's tort claims against Hall Labs should be tried.

---

[6] Although there is complete diversity of the parties and the amount in controversy exceeds the jurisdictional amount, the action was not removable under the general removal statute based on diversity jurisdiction because Extreme Powersports is a Georgia citizen. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Plaintiff contends that despite the mandatory "shall order" language of § 157(b)(5), the Court should abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c) and remand to the state court. Section 1334(c) permits (or in some cases requires) a district court to abstain from hearing a case that is related to a bankruptcy proceeding and remand it to the state court. There are two types of abstention under § 1334(c): mandatory and permissive. Plaintiff argues that both types apply here. But non-core proceedings like Plaintiff's tort claims against Hall Labs "shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." 28 U.S.C. § 157(b)(4); *Kadel v. Thompson*, 84 B.R. 878, 881 (N.D. Ga. 1988) (explaining interaction between § 157 and § 1334); *Coker v. Pan Am. World Airways, Inc.* (*In re Pan Am. Corp.*), 950 F.2d 839, 845 (2d Cir. 1991) (same). So, mandatory abstention does not apply.

Some courts, though, have concluded that permissive abstention under § 1334(c)(1) is allowed for personal injury cases, although transfer under § 157(b)(5) "should be the rule, abstention the exception" given § 157(b)(5)'s purpose of centralizing administration of the bankruptcy estate. *Coker*, 950 F.2d at 845. Permissive abstention allows a court to decline to exercise its jurisdiction over a matter, and it is permitted for "related to" cases "in the interest of justice, or in the interest of comity with State courts or respect for State law." *Id.*

9

(quoting § 1334(c)(1)). Here, the Court finds it significant that Hall Labs never consented to personal jurisdiction in Georgia. Rather, it filed a motion to dismiss in the state court and raised lack of personal jurisdiction as an affirmative defense. Consenting to Vanderhall's removal did not constitute a waiver of Hall Labs' personal jurisdiction challenge. *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1323 (11th Cir. 2021) ("[D]efendants who remove their action to federal court do not waive their challenge to personal jurisdiction."). Although Hall Labs has not refiled the motion to dismiss in this Court, it did promptly file a motion to transfer the claims against it to a court where it does not contest personal jurisdiction. And, if the claims against Hall Labs were remanded to state court, the state court would still have to decide the personal jurisdiction issue (if Plaintiff obtains relief from the automatic stay).

Under these circumstances, particularly the concerns about personal jurisdiction over Hall Labs, the Court finds that abstention is not appropriate. The Court further finds that it is in the interest of justice to transfer Plaintiff's claims against Hall Labs to the U.S. District Court for the District of Utah. *See* 28 U.S.C. § 1412 (permitting a district court to transfer a bankruptcy proceeding "to a district court for another district, in the interest of justice or for the convenience of the parties").

The Utah court can then decide where Plaintiff's claims against Hall Labs should be tried.

CONCLUSION

As discussed above, the Court grants Plaintiff's motion to sever (ECF No. 15) to the extent that Plaintiff's claims against the three non-debtor Defendants (Vanderhall Motorworks Inc., Extreme Powersports Inc. and General Motors LLC) are severed from the claims against Hall Labs LLC.  Those claims are remanded to the State Court of Muscogee County.  Vanderhall Motorworks Inc.'s motion to transfer (ECF No. 14) is denied.  Hall Labs LLC's motion to transfer (ECF No. 13) is granted, and the claims against Hall Labs LLC shall be transferred to the U.S. District Court for the District of Utah, where the related bankruptcy matter is Petition # 25-21038.

IT IS SO ORDERED, this 22nd day of July, 2025.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA